UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOSES STAMPS, | ) | |
| | ) | |
| Petitioner, | ) | 14 C 56 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| STEPHEN DUNCAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Moses Stamps, a state prisoner, petitions for a writ of habeas corpus. Doc. 5. The

Warden has moved to dismiss the petition, arguing that Stamps failed to comply with the one-

year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). Doc. 10. The Warden's motion is

granted and the petition is dismissed.

In 2007, Stamps was convicted of first degree murder and sentenced to a lengthy term of

imprisonment. Doc. 12-1 at 8; Doc. 12-2 at 72, 142; Doc. 12-6 at 47. The Appellate Court of

Illinois affirmed. *People v. Stamps*, No. 1-07-0891 (Ill. App. Dec. 12, 2008) (reproduced at Doc.

12-3). The Supreme Court of Illinois denied Stamps's petition for leave to appeal ("PLA").

*People v. Stamps*, 904 N.E.2d 984 (Ill. 2009). On October 5, 2009, the United States Supreme

Court denied his petition for writ of certiorari. *Stamps v. Illinois*, 558 U.S. 869 (2009).

On March 30, 2010, Stamps filed a post-conviction petition under the Illinois Post-

Conviction Hearing Act, 725 ILCS 5/122-1 *et seq*. Doc. 12-6 at 22-44. The state trial court

denied the petition, Doc. 12-6 at 46-56, and the state appellate court affirmed. *People v. Stamps*,

2013 IL App (1st) 102473-U (Ill. App. Mar. 14, 2013) (reproduced at Doc. 12-7). On May 29,

2013, the state supreme court denied Stamps's PLA. *People v. Stamps*, No. 115903 (Ill. May 29, 2013) (reproduced at Doc. 15-8).

The parties agree that Stamps should be deemed to have filed his federal habeas petition on December 29, 2013. Doc. 10 at 3; Doc. 14 at 2. Section § 2244(d)(1) provides that a "1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Subject to the exceptions set forth in § 2244(d)(1)(B)-(D), § 2244(d)(1)(A) states that "[t]he limitation period shall run from … the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see Gonzalez v. Thaler*, 132 S. Ct. 641, 652 (2012) ("AEDPA establishes a 1-year limitations period for state prisoners to file for federal habeas relief, which 'run[s] from the latest of' four specified dates.") (quoting 28 U.S.C. § 2244(d)(1)); *Socha v. Pollard*, 621 F.3d 667, 671 (7th Cir. 2010) ("That one-year period is typically measured from the date when the state courts are finally finished with the case, although there are some exceptions to that rule ….").

Stamps's conviction became final on October 5, 2009, when the United States Supreme Court denied his certiorari petition on direct review. *See Gonzalez*, 132 S. Ct. at 653 ("For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari.") (quoting 28 U.S.C. § 2244(d)(1)(A)). On March 30, 2010, 175 days later, Stamps filed his state post-conviction petition, which tolled the running of the limitations period while the state post-conviction proceedings were pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward

any period of limitation under this subsection.").  The tolling ended, and the limitations period recommenced, when the state supreme court denied Stamps's post-conviction PLA on May 29, 2013.  *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that § 2244(d)(2) tolling lasts "only while state courts review the application," and because "[the United States Supreme] Court is not a part of a 'State's post-conviction procedures[,] … State review ends when the state courts have finally resolved an application for state postconviction relief"); *Jones v. Hulick*, 449 F.3d 784, 788 (7th Cir. 2006) (same).

Stamps filed his habeas petition in this court 214 days later, on December 29, 2013.  By that time, 389 days had elapsed under § 2244(d)(1)(A)—the 175 days between the date Stamps's criminal judgment became final and the date he filed his state post-conviction petition, plus the 214 days between the state supreme court's denial of his post-conviction PLA and the date he filed his federal habeas petition.  Stamps's petition therefore is untimely, by about twenty-four days, under the limitations period as measured by § 2244(d)(1)(A).  Stamps concedes this point. Doc. 14 at 2.

As noted above, it is possible that a habeas petition that is untimely under § 2244(d)(1)(A) could be timely under § 2244(d)(1)(B)-(D).  *See* 28 U.S.C. § 2244(d)(1) (providing that the "limitations period shall run from the latest of" the dates set forth in § 2244(d)(1)(A)-(D)); *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) (holding that § 2244(d)(1)(D), if applicable, grants a habeas petitioner a "fresh year"), *abrogated on other grounds*, *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013); *Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005) ("three other statutory exceptions may delay accrual of this statute of limitations") (citing 28 U.S.C. § 2244(d)(1)(B), (C), (D)).  It is Stamps's burden to show that § 2244(d)(1)(B), (C), or (D) applies.  *See Ray v. Clements*, 700 F.3d 993, 1008 (7th Cir. 2012) (holding that where

the Warden "raises [a § 2244] statute of limitations defense, the petitioner must come forward with some evidence to support his claim that … 365 countable days have not elapsed from the time his state-court judgment became final to the time he filed his federal habeas petition"); *Ford v. Lundquist*, 2007 WL 5514743, at *2 (W.D. Wis. Jan. 3, 2007) ("If the state raises the statute of limitations defense, then it will be petitioner's burden to show that the statute should be tolled under one of the provisions set forth in § 2244(d)(1)(B)-(D) or for other, equitable reasons.").

Stamps has not argued, let alone shown, that the limitations period should be measured from § 2244(d)(1)(C), which applies where a newly recognized constitutional right is made retroactively applicable to cases on collateral review, or § 2244(d)(1)(D), which applies where the petitioner discovers a new factual predicate that could not have been discovered through the exercise of due diligence. Any such argument is forfeited. *See Broadus v. Jones*, 390 F. App'x 804, 807 (10th Cir. 2010) (holding that the petitioner forfeited any argument that his habeas petition was timely under § 2244(d)(1)(B) and (D) by not raising the argument in the district court); *Ramey v. Akpore*, 2014 WL 201843, at *2 (N.D. Ill. Jan. 17, 2014) (same for § 2244(d)(1)(B), (C), and (D)).

Stamps does argue, however, that he was subjected to state-created impediments to filing his petition within the meaning of § 2244(d)(1)(B), which provides that the limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action." Doc. 14 at 3-5. In particular, Stamps points to various policies and practices at his prison's law library that were in place during the second period of time during which his limitations clock ran, from May 29, 2013, through December 29, 2013. Those policies were: placing a former correctional officer with no formal legal training in

the position of legal clerk for the law library; that individual's hiring of inmate law clerks without formal legal training; the high ratio of inmates to law clerks, which resulted in a waiting time of "over an hour" to obtain books or receive answers to legal questions; the distribution of legal books on a first-come-first-served basis; an assigned seat policy; and a no-talking policy. *Id*. at 4-5.

Those policies and practices, considered individually or together, do not qualify as state-created impediments under § 2244(d)(1)(B). Habeas petitioners not under a death sentence have no right to legal representation, *see Ballinger v. United States*, 379 F.3d 427, 430 (7th Cir. 2004); *Johnson v. Daley*, 339 F.3d 582, 590 (7th Cir. 2003), let alone a right to adequate representation, *see Wilson v. United States*, 413 F.3d 685, 687 (7th Cir. 2005), so it follows that the alleged dearth of law clerks, their lack of legal training, and their inability to immediately respond to questions do not justify invoking § 2244(d)(1)(B). Indeed, Stamps admits that an inmate law clerk was available to answer "legal questions" about "court deadlines," and complains only that the time it took for that clerk to respond was not "reasonable." Doc. 14 at 4 ("Mr. Hightower has a little over an hour to get to numerous inmates to answer legal questions and count court deadlines. He has yet made it to me in a reasonable manner, or time."). Nowhere does Stamps argue that, let alone attempt to explain how, the amount of time it took the inmate law clerk to respond to his questions about "court deadlines" prevented him from timely filing his petition within the limitations period as measured by § 2244(d)(1)(A). This is fatal to his invocation of § 2244(d)(1)(B) because that provision, by its own terms, applies only if the petitioner "was prevented from filing by [the] State action [in question]." 28 U.S.C. § 2244(d)(1)(B); *see Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) ("the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition"). The

same holds for the library's assigned seat and no-talking policies, as Stamps does not explain how those policies inhibited him from filing his federal habeas petition within the § 2244(d)(1)(A) limitations period. And nowhere does Stamps argue, let alone show, that those policies and practices violated "the Constitution or laws of the United States," another predicate for applying § 2244(d)(1)(B). *See Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004).

As the Warden correctly acknowledges, the Seventh Circuit has held that "the absence of library access may be an 'impediment in principle.'" *Estremera v. United States*, 724 F.3d 773, 777 (7th Cir. 2013) (applying § 2255(f)(2), which for federal prisoners is the functional equivalent of § 2244(d)(1)(B)). And Stamps does assert that the law library's first-come-first-served book policy resulted in his "never gain[ing] access to the legal book or statute to determine his own timeline." Doc. 14 at 4. But *Estremera* cautions that "[t]o hold that the absence of library access may be an 'impediment' in principle is not necessarily to say that lack of access was an impediment for a given prisoner," that "'[i]n principle' is a vital qualifier," and that "[i]f [a petitioner] didn't … need a law library during the year after his conviction became final, its unavailability (if it was unavailable) would not have been an impediment." *Estremera*, 724 F.3d at 777. Stamps's papers make clear that, even if the court were to accept his account of the impact of the first-come-first-served policy, he did not need a book to know about and understand the § 2244(d) statute of limitations. As noted above, Stamps admits that a law clerk answered his questions (albeit not as quickly as he wished) about "court deadlines." Doc. 14 at 4. Moreover, the habeas petition itself includes a three-page section on timeliness; that section thrice references the one-year limitations period, twice cites *Holland v. Florida*, 560 U.S. 631 (2010), which held that the limitations period may be equitably tolled, and sets forth grounds for excusing his failure to comply with the limitations period if, in fact, his petitioner were held

untimely.  Doc. 5 at 8-10.  Stamps thus was familiar with and able to converse at length about the one-year limitations period—nowhere in his petition or opposition brief does he argue or even hint that he learned of it in the weeks before filing his petition, which is important because the petition was only twenty-four days late—which means that his alleged lack of access to the relevant book(s) did not deprive him of the information he needed to know when the petition was due.  And this means that the impediment, such as it was, did not cause his late filing, which in turn means that § 2244(d)(1)(B) does not apply.  *See Hardaway v. Harrington*, 2013 WL 6069433, at *5 (N.D. Ill. Nov. 18, 2013).

Stamps' invocation of equitable tolling, Doc. 5 at 8-10, fails as well.  Equitable tolling is an "extraordinary remedy," *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013), one that "is rarely granted," *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (internal quotation marks omitted).  As Stamps accurately notes in his petition, *Holland* holds that a federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  560 U.S. at 649 (internal quotation marks omitted).

There is no need to address diligence because Stamps has failed to establish that extraordinary circumstances prevented his timely filing.  Stamps argues that his timely filing was prevented by: a prison rule allowing him to visit the library only once per week; his appellate counsel's failure to advise him of the one-year limitations period; unspecified lock-downs at the prison; and going on "writs," a term he does not define but which likely means leaving the prison to appear in court.  Doc. 5 at 8-10.  Settled precedent holds that ignorance of the law and garden variety mistakes from counsel permits do not permit tolling, which means that the lack of advice from his appellate counsel does not fit the bill.  *See Obriecht*, 727 F.3d at 749 ("[T]he

Supreme Court has made clear that a garden variety claim of attorney negligence or excusable neglect is insufficient [to establish extraordinary circumstances]. The Court has held that garden variety negligence includes a simple miscalculation that leads a lawyer to miss a filing deadline and an attorney failing to file a petition on time and appearing to be unaware of the date on which the limitations period expires.") (brackets and internal quotation marks omitted); *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013) ("Lack of familiarity with the law … is not a circumstance that justifies equitable tolling."). And Stamps does not even attempt to explain how his being allowed only weekly access to the law library, and how the lockdowns of unspecified length and frequency, prevented him from completing his petition in the over six months that elapsed between the denial of his post-conviction PLA and the expiration of the limitations period. *See Taylor*, 724 F.3d at 812 (holding that to obtain equitable tolling, a petitioner must explain how the lack of library access impeded a timely filing); *Sandoval v. Jones*, 447 F. App'x 1, 4 (10th Cir. 2011) (holding that the petitioner did not satisfy his burden of demonstrating exceptional circumstances where he provided "no detail as to the date of the alleged lockdown or its length, and how this might excuse the nearly eight-month delay in his habeas filing"); *see also Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012) ("the allegations supporting equitable tolling must be specific and not conclusory"); *Graham v. Smelser*, 422 F. App'x 705, 708 (10th Cir. 2011) ("An inmate bears a strong burden to show specific facts in support of his claim that equitable tolling applies.") (internal quotation marks omitted). It follows that equitable tolling is not available to Stamps.

For these reasons, the Warden's motion to dismiss is granted and Stamps's petition is dismissed. Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." When a petition is dismissed as untimely, a certificate of appealability should issue only if reasonable jurists would find the petition's timeliness "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, because the untimeliness of Stamps's petition is not debatable, a certificate of appealability is denied. *See ibid*. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

July 30, 2014

_____
United States District Judge